## Isaac Cowan *versus* David Wheeler.

No point, or question, is open on the hearing and determination of the law of the case, brought before the Court by bill of exceptions, which does not appear thereby to have been made on the trial of the issue.

A request that a particular instruction should be given to the jury, may be legally withheld, whenever it requires the Judge to assume a fact, which, if existing, was not established conclusively between the parties; and the existence of which was denied by the opposing party.

Where a claim for rent of certain real estate was filed in set-off; and the plaintiff objected, that the same estate was holden by the defendant in trust for the use of the plaintiff, the most that could with propriety have been requested of the presiding Judge, with reference to the allowance of the item, no question being there made as to the legal right to file such item in set-off, was, that the jury should be instructed to consider whether the rent claimed accrued from an estate held in trust by the defendant for the use of the plaintiff; and if they found that it did, to disallow it, otherwise to allow it.

Assumpsit upon an account annexed to the plaintiff's writ. An account was duly filed in set-off. The accounts were submitted to an auditor, and the only information, as to the words in which the controverted claim was stated, appearing in the papers, was in the following extract from the auditor's report. "Wheeler charges Cowan rent for the Barrows farm. The legal title is in Wheeler; but Cowan claims, that Wheeler holds it, or a part of it, merely in trust for Cowan."

The bill of exceptions refers to several papers, as read to the jury, copies of a portion of which are not among the papers; and sets forth the testimony of several witnesses; and concludes thus. "Upon this evidence the counsel for the plaintiff contended, that the trust thus set up, not being of common law jurisdiction, and not properly cognizable by the jury, the rent claimed by the defendant, growing out of the land alleged to be by him held in trust, was incident to it and inseparably connected with it; and he requested the presiding Judge, (Shepley J.) to rule, that that item ought legally to be withdrawn from the consideration of the jury, that the whole might be determined, if not otherwise settled, by a court of equity, who would have jurisdiction of the whole matter, both the

trust and the rent claimed, which was properly an incident and accessary thereto. But the presiding Judge declined so to rule. To the refusal of the presiding Judge to rule as above requested, the counsel for the plaintiff excepts."

No other ruling, or instruction, or request therefor, appears in the exceptions.

The verdict was for the defendant, and the jury allowed the item for rent, or some portion of it.

*N. Weston*, in his argument for the plaintiff, insisted that the requested instruction was erroneously withheld; and also contended, that the item for rent was not the proper subject of set-off.

*Wells*, for the defendant.

The opinion of the Court was drawn up by

WHITMAN C. J. — After the evidence had been closed in this case, the counsel for the plaintiff requested the presiding Judge to rule, that the item in the defendant's set-off, for the rent of the Barrows farm, should be excluded from the consideration of the jury; insisting that it was an item proper only for the consideration of a court of equity, as arising from the use of said farm, alleged by him to have been held in trust by the defendant for the plaintiff's use. The exception taken was to the refusal of the Judge so to instruct the jury. And no objection appears to have been made that such an item could not legally, under the provisions of the statute, authorizing the filing of cross demands in set-off, be admissible. Any such objection would seem to have been waived at the trial.

In argument now however, it is contended, that such an item could not legally have been filed in set-off. But we are to look with a single eye to the matter of the exceptions; and it seems very clear that the ruling requested, had no reference to any such question. So far as it regards the exceptions, therefore, we must consider this point as not in controversy; and we must inquire simply, whether the Judge did right in refusing the requested instruction or ruling, upon the ground insisted upon at the trial. In the first place, it required the Judge

to assume a fact, which, if existing, was not established conclusively between the parties; and the existence of which was denied by the defendant, viz., that the Barrows farm was holden by him in trust for the use of the plaintiff. And, in reference to this matter, it is alleged, that a bill in equity is pending between the parties, in which that question remains in controversy; and which the scope of the requested ruling indicates was not to be settled in this action. The most that could have been requested of the Judge, as to the propriety of allowing the item, no question having been made as to the legal right to file any such item in set-off, was, that the jury should be instructed to consider whether the rent claimed accrued from an estate held in trust by the defendant for the use of the plaintiff; and, if they found that it did, to disallow it, if otherwise to allow it. The exception, therefore, must be overruled.

But the plaintiff requests, that we should suspend the entering up of judgment upon the verdict, till his motion for an injunction, said to be pending under his bill in equity, for a stay of judgment or execution, shall have been decided. If by the verdict it should be made apparent, that, at law, the defendant has availed himself of an indemnity for all his advances in payment for the Barrows farm, out of the funds of the plaintiff; and that he holds the title to the same in trust for the benefit of the plaintiff, or of his wife, it may be that a decree should be made, requiring the transfer of the legal title to the *cestui que use.* And if, by a proceeding at law, the defendant has obtained a verdict for a balance, growing out of his legal ownership of the farm, and of the rents and profits thereof, over and above an indemnity for all his advances on account thereof, it may be reasonable, perhaps, that he should be enjoined against proceeding further to enforce his claim under the verdict. The entering up of judgment, therefore, may be suspended until the motion for the injunction shall have been decided.